[Civ. No. 6231. Second Appellate District, Division One.—March 24, 1930.]

JAMES T. DUNN, Respondent, v. WILLIAM J. FARROW et al., Appellants.

Rupert B. Turnbull and Chas. H. Adkins for Appellants.

William T. Kendrick and Victor H. Kendrick for Respondent.

CRAIG (ELLIOT), J., *pro tem.*—This is an appeal from a judgment in favor of respondent in an action to quiet title to certain real property. Respondent (the plaintiff) claimed title both by deed and by adverse possession.

■ Appellants Helen T. Peairs and C. S. Bates have not filed any brief. The other appellants have presented an opening brief containing 332 pages, but nowhere therein is any point directly stated or set out for our consideration as a point presented for reversal of the judgment. No attempt has been made to comply with rule VIII of this court, which rule is, in part, as follows: "The briefs must present each point separately, under an appropriate heading, showing the nature of the question to be presented." We assume, however, that appellants have intended throughout said 332 pages to contend that the evidence is insufficient to support the findings or the judgment based on said findings, but their contentions are without specifying any particular or particulars in which the evidence is insufficient.

Respondent went into possession of the land in 1892 under a quitclaim deed executed and recorded after the execution, but before the recordation of a deed under which (by mesne conveyances) appellants claim. About 1912 appellant William J. Farrow purchased the property from the grantee of the deed above mentioned as having been executed before and recorded after the execution of the quitclaim deed under which respondent claims.

■ The testimony is conflicting, but is sufficient to support the findings of fact as made by the trial court relating to adverse possession by the plaintiff.

The findings are sufficient to support the judgment on adverse possession by the plaintiff under both sections 323 and 325 of the Code of Civil Procedure.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.